IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION
_____

| | |
|---|---|
| AASHISH CHUTTANI, SUMAN SIDDAMREDDY, and BHARAT UPPALAPATI,<br><br>      Plaintiffs,<br><br>v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, and KENNETH T. (KEN) CUCCINELLI, Acting Director, U.S. Citizenship and Immigration Services (or his successor), in his official capacity,<br><br>      Defendants. | Civil Action No. 3:19-CV-02955-X |

## DEFENDANTS' MOTION TO DISMISS

ERIN NEALY COX
United States Attorney

Sarah E. Delaney
Assistant United States Attorney
Arizona Bar No. 031722
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:  214-659-8730
Facsimile:   214-659-8807
sarah.delaney@usdoj.gov

Attorneys for Defendants

# Table of Contents

I.    Background ........................................................................................................ 2

      A.    The EB-5 Program ................................................................................... 2

      B.    Factual background .................................................................................. 4

II.   Legal Standards .............................................................................................. 4

III.  Argument and Authorities ............................................................................. 6

      A.    USCIS has neither unlawfully withheld nor unreasonably delayed in
            the adjudication of Plaintiffs' petitions. .............................................. 7

            1.    USCIS has not unlawfully withheld adjudication of Plaintiffs'
                  petitions. ..................................................................................... 8

            2.    USCIS has not unreasonably delayed adjudication of
                  Plaintiffs' petitions. .................................................................. 10

      B.    Plaintiffs are not entitled to mandamus relief. .................................... 17

            1.    Plaintiffs have no clear and indisputable right to instant
                  adjudication, as USCIS has not violated its duty to timely
                  adjudicate Plaintiffs' petitions. ................................................ 18

            2.    Plaintiffs have other adequate remedies available for relief. .......... 20

IV.   Conclusion ..................................................................................................... 22

## Table of Authorities

**CASES**

*Ahmadi v. Chertoff*,
  522 F. Supp. 2d 816 (N.D. Tex. 2007) .......................................................................... 21

*Al-Juburi v. Chertoff*,
  No. 3:06-CV-1270-D, 2007 WL 2285964 (N.D. Tex. Aug. 9, 2007)..................... 11, 19

*Alkenani v. Barrows*,
  356 F. Supp. 2d 652 (N.D. Tex. 2005) .......................................................................... 11

*Allied Chem. Corp. v. Daiflon, Inc.*,
  449 U.S. 33 (1980) ........................................................................................................ 17

*Alsharqawi v. Gonzales*,
  No. 3:06-CV-1165-N, 2007 WL 1346667 (N.D. Tex. Mar. 14, 2007) .................... 8, 11

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ......................................................................................................... 6

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ......................................................................................................... 5

*Bender v. Williamsport Area School Dist.*,
  475 U.S. 534 (1986) ......................................................................................................... 5

*Bian v. Clinton*,
  605 F.3d 249 (5th Cir. 2010) ..................................................................................... 9, 18

*Bian v. Clinton*,
  No. 09-10568, 2010 WL 3633770 (5th Cir. Sept. 16, 2010).................................... 9, 18

*Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands*,
  461 U.S. 273 (1983) ......................................................................................................... 5

*Bo Tang v. Chertoff*, No. C,
  07-06873 JF, 2007 WL 1650945 (N.D. Cal. June 5, 2007) ........................................... 10

*Campbell v. City of San Antonio*,
  43 F.3d 973 (5th Cir. 1995) ......................................................................................... 5, 6

*Casa Colina Hosp. v. Burwell*,
  No. 15-3990, 2015 WL 11237100 (C.D. Cal. Oct. 30, 2015) ....................................... 20

*Casa Colina Hosp. v. Burwell*,
   698 F. App'x 406 (9th Cir. 2017) ................................................................. 20

*Cheney v. U.S. Dist. Court for the Dist. of Columbia*,
   542 U.S. 367 (2004) ...................................................................................... 17

*Dmitrenko v. Chertoff*,
   No. 07-CV-82, 2007 WL 1303009 (E.D. Va. Apr. 30, 2007) ....................... 14

*Elmalky v. Upchurch*,
   No. 3:06-CV-2359-B, 2007 WL 944330 (N.D. Tex. Mar. 28, 2007) .................... 11, 19

*Ex Parte Fahey*,
   332 U.S. 258 (1947) ...................................................................................... 17

*Felicia W. v. Berryhill*,
   No. 3:17-CV-2649-D-BN, 2018 WL 3321254 (N.D. Tex. June 13, 2018) ................... 8

*Felicia W. v. Berryhill*,
   No. 3:17-CV-2649-D-BN, 2018 WL 3302758 (N.D. Tex. July 5, 2018) ....................... 8

*Forest Guardians v. Babbitt*,
   174 F.3d 1178 (10th Cir. 1999) ................................................................. 8, 10

*Freeman v. United States*,
   556 F.3d 326 (5th Cir. 2009) .......................................................................... 5

*Giddings v. Chandler*,
   979 F.2d 1104 (5th Cir. 1992) ..................................................................... 17

*Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*,
   143 F.3d 1006 (5th Cir. 1998) ....................................................................... 4

*Hoo Loo v. Ridge*,
   No. Civ. 04-5553, 2007 WL 813000 (E.D.N.Y. Mar. 14, 2007) ................... 11, 12

*Immigration & Naturalization Serv. v. Miranda*,
   459 U.S. 14 (1982) ...................................................................................... 11

*In re Aiken County*,
   645 F.3d 428 (D.C. Cir. 2011) .................................................................... 17

*In re Barr Labs., Inc.*,
   930 F.2d 72 (D.C. Cir. 1991) .................................................................. 19, 20

*In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*,
   668 F.3d 281 (5th Cir. 2012) ........................................................................ 5

*Kerr v. U.S. Dist. Ct. for the N. Dist. of Cal.*,
   426 U.S. 394 (1976) .................................................................................... 22

*King v. Nat'l Transp. Safety Bd.*,
   766 F.2d 200 (5th Cir. 1985) ........................................................................ 8

*Kobaivanova v. Hansen*,
   No. 1:11CV943, 2011 WL 4401687 (N.D. Ohio, Sept. 16, 2011) ................................ 14

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
   511 U.S. 375 (1994) ..................................................................................... 5

*L.M. v. Johnson*,
   150 F. Supp. 3d 202 (E.D.N.Y. 2015) ..................................................... 12, 13

*Lane v. Pena*,
   518 U.S. 187 (1996) ..................................................................................... 5

*Li v. Agagan*,
   No. 04-40705, 2006 WL 637903 (5th Cir. Mar. 14, 2006) ........................................ 21

*Liberty Fund, Inc. v. Chao*,
   394 F. Supp. 2d 105 (D.D.C. 2005) .............................................................. 11

*M.J.L. v. McAleenan*,
   No. A-19-CV-00477-LY, 2019 WL 6039971 (W.D. Tex. Nov. 13, 2019) ................. 21

*Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*,
   490 U.S. 296 (1989) ................................................................................... 17

*Monahan v. Dorchester Counseling Ctr., Inc.*,
   961 F.2d 987 (1st Cir. 1992) ......................................................................... 9

*Mohammed v. Frazier*,
   No. 07-3037 (RHK/JSM), 2008 WL 360778 (D. Minn. Feb. 8, 2008) ........................ 11

*Mt. Emmons Min. Co. v. Babbitt*,
   117 F.3d 1167 (10th Cir. 1997) .................................................................... 21

*Muse v. Nat'l Flood Ins. Pgm.*,
   No. 17-10586, 2019 WL 968371 (E.D. La. Feb. 28, 2019) ................................... 21

*Norton v. S. Utah Wilderness Alliance,*
   542 U.S. 55 (2004) ...................................................................7, 8, 10, 17

*Patel v. Rodriguez,*
   No. 15-CV-486, 2015 WL 6083199 (N.D. Ill. Oct 13, 2015) ...................................... 13

*Pesantez v. Johnson,*
   No. 15 Civ. 1155 (BMC), 2015 WL 5475655 (E.D.N.Y. Sept. 17, 2015)........ 12, 13, 14

*Ramming v. United States,*
   281 F.3d 158 (5th Cir. 2001) .......................................................................... 4

*Randall D. Wolcott, M.D., P.A. v. Sebelius,*
   635 F.3d 757 (5th Cir. 2011) ................................................................. 17, 18

*Razaq v. Poulos,*
   No. C06-2461 WDW, 2007 WL 61884 (N.D. Cal. Jan. 8, 2007) ................................ 12

*Saleh v. Ridge,*
   367 F. Supp. 2d 508 (S.D.N.Y. 2005) .......................................................... 14

*Shihuan Cheng v. Baran,*
   CV 17-2001-RSWL-KSx, 2017 WL 3326451 (C.D. Cal. Aug. 3, 2017) ...................... 9

*Steel Co. v. Citizens for a Better Env't,*
   523 U.S. 83 (1998) .......................................................................................... 5

*United States v. Denson,*
   603 F.2d 1143 (5th Cir. 1979) ....................................................................... 21

*Wang v. Pompeo,*
   354 F. Supp. 3d 13 (D.D.C. 2018).......................................................... 15, 16

*Yang v. Cal. Dep't of Social Servs.,*
   183 F.3d 953 (9th Cir. 1999) ......................................................................... 8

*Zhang v. USCIS,*
   344 F. Supp. 3d 32 (D.D.C. 2018)................................................................ 15

## STATUTES

5 U.S.C. § 551(13)..............................................................................................7

5 U.S.C. § 555(b)...............................................................................................7

5 U.S.C. § 702 ................................................................................................ 7

5 U.S.C. § 706(1) ....................................................................................... 7, 10

8 U.S.C. § 1151(d) ......................................................................................... 15

8 U.S.C. § 1152(a)(2) ..................................................................................... 15

8 U.S.C. § 1153(b)(5)(A) ........................................................................... 2, 15

8 U.S.C. § 1186b ............................................................................................. 4

8 U.S.C. § 1202(a) ........................................................................................... 4

8 U.S.C. § 1255(a) ........................................................................................... 4

8 U.S.C. § 1571 ...................................................................................... passim

8 U.S.C. § 1572(1) ........................................................................................... 9

8 U.S.C. § 1573(a) ........................................................................................... 9

28 U.S.C. § 1361 ............................................................................................. 1

## REGULATIONS

8 C.F.R. § 103.2(b)(1) .................................................................................... 3

8 C.F.R. § 204.6 ................................................................................... 3, 13, 16

22 C.F.R. § 42.51(b) ...................................................................................... 15

## RULES

Fed. R. Civ. P. 12(b)(1) ............................................................................... 2, 4

Fed. R. Civ. P. 12(b)(6) ............................................................................... 2, 5

Fed. R. Civ. P. 12(h)(3) ................................................................................... 5

Fed. R. Civ. P. 25(d) ....................................................................................... 1

**OTHER AUTHORITIES**

USCIS, "Check Case Processing Times,"
   https://egov.uscis.gov/processing-times/ ................................................................ 10, 18

Department of State, "Visa Bulletin for March 2020,"
   https://travel.state.gov/content/travel/en/legal/visa-law0/visa-bulletin/2020/visa-
   bulletin-for-march-2020.html ......................................................................................... 16

Plaintiffs Aashish Chuttani, Suman Siddamreddy, and Bharat Uppalapati (collectively, "Plaintiffs") brought this mandamus action (Doc. 1), alleging Defendants U.S. Citizenship and Immigration Services ("USCIS") and Kenneth T. Cuccinelli, Senior Official performing the duties of Director, named in his official capacity (collectively, "Defendants"), failed to adjudicate the Plaintiffs' Form I-526 petitions for the EB-5 program within the 180-day time period described in 8 U.S.C. § 1571(b).  Plaintiffs therefore seek an order from this Court declaring this delay unreasonable and unlawful, and compelling Defendants to adjudicate their petitions within 30 days.  (Doc. 1 at 8.)

Plaintiffs, however, are not entitled to the relief they seek.  As to Plaintiffs' first claim under the Administrative Procedure Act ("APA"), Plaintiffs have not demonstrated that this Court has subject matter jurisdiction over the claim, as Defendants have neither unreasonably delayed nor unlawfully withheld the processing of their Form I-526 petitions for the EB-5 program.  Plaintiffs allege that Congress requires USCIS to adjudicate these petitions within 180 days, but the statute cited for this proposition is simply an aspirational goal, not a strict deadline.  Further, the amount of time that these petitions have been pending is well within the standard adjudication timeline for all Form I-526 petitions for the EB-5 program.  Even if judicial review were available under the APA, these same facts demonstrate that Plaintiffs have failed to state a claim under the APA.  Plaintiffs' APA claim should therefore be dismissed for lack of subject matter jurisdiction, or in the alternative, a failure to state a claim upon which relief may be granted.

As to Plaintiffs' second claim under 28 U.S.C. § 1361, mandamus relief is a

drastic remedy to be used only in extraordinary circumstances and can only be invoked if the plaintiff's right to issuance of the writ is clear and indisputable, the defendant has a clear duty to act, and there is no other adequate remedy available.  As discussed herein, Plaintiffs fail to state any claim for relief, because the extraordinary relief of mandamus is not intended as a vehicle for one immigration applicant to move himself to the front of the line at the expense of others who are similarly waiting.  Mandamus is also inappropriate because other adequate remedies are available to compel unreasonably withheld agency action—including specifically bringing suit under the APA—and the mere fact that these particular Plaintiffs do not have a viable APA claim available to them at this exact time does not give rise to a mandamus claim.

Consequently, because neither mandamus nor APA relief is available, this Court should dismiss the complaint for lack of jurisdiction and failure to state a claim pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

## I.      Background

### A.    The EB-5 Program

The Immigration and Nationality Act established the EB-5 program in 1990, to provide visas to aliens who have invested, or are actively in the process of investing, a certain amount of capital in a new commercial enterprise which will benefit the United States economy and create full-time employment for at least ten U.S. citizens or immigrants lawfully authorized to be employed in the United States.  *See* 8 U.S.C. § 1153(b)(5)(A).  An individual seeking classification as an EB-5 immigrant investor

may submit a Form I-526 petition[1] to USCIS.  8 C.F.R. § 204.6(a), (c), (j).

Federal regulations require that the petitioner for an immigration benefit "establish that he or she is eligible for the requested benefit at the time of filing the benefit request and must continue to be eligible through adjudication."  8 C.F.R. § 103.2(b)(1). Therefore, in addition to the Form I-526 petition, the alien must provide sufficient evidence as part of his submission to USCIS to demonstrate that he "has invested or is actively in the process of investing lawfully obtained capital in a new commercial enterprise in the United States" that will create full-time positions for at least 10 qualifying employees.  8 C.F.R. § 204.6(j).  This evidence includes documentation for each component of the requirements: the new commercial enterprise, the investment, the legality of the capital invested or in the process of being invested, job creation, the engagement of the petitioner in the new commercial enterprise (i.e., day-to-day managerial control or policy formulation), and where applicable, whether the area in which the employment has been or will be created is a "targeted employment area," meaning a lower amount of capital can be invested by the alien to be approved.  8 C.F.R. § 204.6(f),(j).

If USCIS approves the Form I-526 petition, the alien may, depending on the alien's circumstances, either apply for an EB-5 visa from abroad or file a Form I-485 application for USCIS to adjust his immigration status if already located in the United

---

[1] Plaintiffs refer to the Form I-526 petition, including all the evidence submitted to support the petition, as an "EB-5 petition."  (*See, e.g.,* Doc. 1, ¶¶ 16, 24-25, 28.)

States.  *See* 8 U.S.C. §§ 1202(a), 1255(a).  Upon admission to the United States, the EB-5

immigrant investor and his eligible spouse and children are conditional permanent

residents.  *See* 8 U.S.C. § 1186b(a)(1).  During the 90-day period before the second

anniversary of admission as a conditional permanent resident, a Form I-829 petition must

be filed to seek removal of the conditional basis of the permanent resident status.  *See* 8

U.S.C. § 1186b(c)(1)(A), (d)(2)(A).

## B.    Factual background

In their complaint, Plaintiffs state that each has recently filed an EB-5 petition.

(*See generally* Doc. 1.)  The complaint alleges that the petition for Plaintiff Aashish

Chuttani was filed on September 24, 2018 (Doc. 1, ¶ 24), the petition for Plaintiff Suman

Siddamreddy was filed on December 7, 2018 (Doc. 1, ¶ 30), and the petition for Plaintiff

Bharat Uppalapati was filed on April 2, 2019 (Doc. 1, ¶ 36).  They each allege that more

than 180 days has passed since these petitions were filed, but the petitions have not yet

been adjudicated.  (Doc. 1, ¶¶ 27-28, 33-34, 39-40.)

## II.    Legal Standards

Under Rule 12(b)(1), a case is properly dismissed when the court "lacks the

statutory or constitutional power to adjudicate the case."  *Home Builders Ass'n of Miss.,*

*Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted).

"The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting

jurisdiction."  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citation

omitted).  "Accordingly, the plaintiff constantly bears the burden of proof that

jurisdiction does in fact exist."  *Id.* (citation omitted).  Because the United States and its

agencies enjoy sovereign immunity from suit unless Congress has specifically consented

to the suit, *Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 287

(1983), the plaintiff bears the burden of showing a waiver of immunity, *Freeman v.*

*United States*, 556 F.3d 326, 334 (5th Cir. 2009).  The government's consent to suit "is a

prerequisite to federal jurisdiction," *In re FEMA Trailer Formaldehyde Prods. Liab.*

*Litig.*, 668 F.3d 281, 287 (5th Cir. 2012), and Congress's waiver of immunity "must be

unequivocally expressed in statutory text . . . and will not be implied," *Lane v. Pena*, 518

U.S. 187, 192 (1996) (citations omitted).

Furthermore, subject matter jurisdiction also must be established before the case

can proceed on the merits.  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–

95 (1998).   This is because "[f]ederal courts are courts of limited jurisdiction."

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  They possess only

that power authorized by the Constitution and conferred by Congress.  *See Bender v.*

*Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986).  "If the court determines at

any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed.

R. Civ. P. 12(h)(3).

In deciding a Rule 12(b)(6) motion to dismiss, the Court evaluates the sufficiency

of the plaintiff's complaint by accepting "all well-pleaded facts as true and viewing those

facts in the light most favorable to [the plaintiff]."  *Campbell v. City of San Antonio*, 43

F.3d 973, 975 (5th Cir. 1995).  To survive a Rule 12(b)(6) motion, the plaintiff must

plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

However, it is insufficient for the complaint's factual allegations to "merely create[] a suspicion that the pleader might have a right of action." *Campbell*, 43 F.3d at 975. Instead, to survive a motion to dismiss, a complaint requires more than a "sheer possibility that a defendant has acted unlawfully," or "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (citations omitted). In other words, where the facts pleaded do no more than permit an inference of the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. *Id.* at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III.    Argument and Authorities

Plaintiffs claim that they are entitled to a declaration that "Defendants' delay [is] unreasonable and/or unlawful," and to an order "compelling Defendants to adjudicate Plaintiffs' EB-5 petitions within 30 days." (Doc. 1, ¶¶ 49, 54, and at 8.) However, Plaintiffs are not entitled to any such relief. USCIS has neither unlawfully withheld nor unreasonably delayed the adjudication of the Plaintiffs' petitions. There is no required timeline for adjudication of these petitions, and the petitions remain well within the standard processing time for all Form I-526 petitions. As a result, USCIS has not failed to perform its "duty to act within a reasonable amount of time." (Doc. 1, ¶ 43.)

Therefore, this Court does not have subject matter jurisdiction over the Plaintiffs' APA claim, and Plaintiffs have also failed to state a claim for relief under the APA.

Plaintiffs have also not demonstrated that they have met the elements for the extraordinary remedy of mandamus relief.  As there is no statutory timeline in which adjudication of these petitions must occur, Plaintiffs do not have an indisputable relief to immediate adjudication of their petitions nor do Defendants have a clear duty to act at this time.  Additionally, Plaintiffs have adequate alternative remedies available, making mandamus relief inappropriate.  Therefore, Plaintiffs are also not entitled to their requested mandamus relief.

## A.   USCIS has neither unlawfully withheld nor unreasonably delayed in the adjudication of Plaintiffs' petitions.

The APA authorizes suit by any "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute."  5 U.S.C. § 702.  "Agency action" is further defined as, among other things, "failure to act."  5 U.S.C. § 551(13).  As a result, the APA requires agencies to conclude matters "within a reasonable time," 5 U.S.C. § 555(b), and authorizes federal courts to "compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. § 706(1).

In order to proceed on a claim under 5 U.S.C. § 706(1), the plaintiff must assert "that an agency failed to take a discrete agency action that it is required to take."  *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004).  Federal courts "are to invoke jurisdiction to compel agency action only when the circumstances clearly require judicial

intervention." *Felicia W. v. Berryhill*, No. 3:17-CV-2649-D-BN, 2018 WL 3321254, at

*5 (N.D. Tex. June 13, 2018) (report and recommendation), *adopted by* 2018 WL

3302758 (N.D. Tex. July 5, 2018); *see also Alsharqawi v. Gonzales*, No. 3:06-CV-1165-

N, 2007 WL 1346667, at *2-3 (N.D. Tex. Mar. 14, 2007) ("Much like mandamus relief,

[compelling agency action] under the APA is considered an extraordinary measure.").  As

a result, there must be a "showing of prejudice before agency action can be set aside for

its lack of punctuality."  *King v. Nat'l Transp. Safety Bd.*, 766 F.2d 200, 202 (5th Cir.

1985).

### 1.    USCIS has not unlawfully withheld adjudication of Plaintiffs' petitions.

An agency has unlawfully withheld a required action when it fails to comply with

a statutorily imposed deadline.  *See, e.g.*, *Forest Guardians v. Babbitt,* 174 F.3d 1178,

1190 (10th Cir. 1999).  There is, however, no mandatory deadline under federal law by

which USCIS must adjudicate a Form I-526 petition.

Plaintiffs cite Congress' aspirational statutory language in 8 U.S.C. § 1571 to

incorrectly allege that the agency has only 180 days to process a Form I-526 petition.

(Doc. 1, ¶¶ 18, 44.)  This misreading ignores the actual language of the statute, which

explains that the 180 days is merely a goal, not a mandate:

> It is the *sense of Congress* that the processing of an immigration benefit
> application should be completed not later than 180 days after the initial
> filing of the application . . .

8 U.S.C. § 1571(b) (emphasis added); *see also Yang v. Cal. Dep't of Social Servs.*, 183

F.3d 953, 959-62 (9th Cir. 1999) (explaining that multiple courts have held that "sense of

Congress" provisions in various federal statutes do not create any rights or duties by

themselves, but instead are "no more than non-binding, legislative dicta"); *Monahan v. Dorchester Counseling Ctr., Inc.*, 961 F.2d 987, 994-95 (1st Cir. 1992) (explaining that the terms "should" and "the sense of Congress" in another federal statute indicated "that the statute is merely precatory").

In fact, the Fifth Circuit has explicitly stated that 8 U.S.C. § 1571(b) "merely expresses Congress's sense of the adjudicative process," and does not indicate that USCIS has a "plainly prescribed" duty to process an application within the 180-day time frame. *Bian v. Clinton*, 605 F.3d 249, 255 (5th Cir. 2010), *vacated as moot*, No. 09-10568, 2010 WL 3633770 (5th Cir. Sept. 16, 2010); *see also Shihuan Cheng v. Baran*, CV 17-2001-RSWL-KSx, 2017 WL 3326451, at *4 (C.D. Cal. Aug. 3, 2017) ("It does not appear that I-526 petitions have a statutory time frame for adjudication").

Similarly, despite Plaintiffs' allegations to the contrary (Doc. 1, ¶¶ 19-20), a plain reading of the related statutory language in 8 U.S.C. §§ 1572-1573 indicates that the elimination of any backlog in the processing of immigration benefit applications by 2003, so that all such applications were adjudicated within 180 days, was an "objective," rather than an explicit requirement. *See* 8 U.S.C. §§ 1572(1), 1573(a).

As there is no explicit statutory deadline by which USCIS is required to adjudicate a Form I-526 petition, USCIS cannot have "unlawfully withheld" action on Plaintiffs' petitions, and to the extent Plaintiffs are asserting such an allegation, this claim must be dismissed.

2.      **USCIS has not unreasonably delayed adjudication of Plaintiffs'**
        **petitions.**

If an agency has no concrete deadline establishing a date by which it must act, a

court can compel agency action if it determines the action was unreasonably delayed.

*See, e.g.*, *Forest Guardians*, 174 F.3d at 1190.  In order to establish a right to judicial

review for an alleged unreasonably delay under 5 U.S.C. § 706(1), a plaintiff must first

establish that the defendant agency's delay in performing its duty is unreasonable.  *See*

*Norton*, 542 U.S. at 63 n.1; *see also Bo Tang v. Chertoff*, No. C 07-06873 JF, 2007 WL

1650945, at *1 (N.D. Cal. June 5, 2007) ("To invoke subject matter jurisdiction under the

APA, a petitioner must show (1) that Defendants had a nondiscretionary duty to act and

(2) that Defendants unreasonably delayed in acting on that duty.").

In this case, Plaintiff Chuttani's petition has been pending for 17 months (Doc. 1,

¶ 26), Plaintiff Siddamreddy's petition has been pending for 14.5 months (Doc. 1, ¶ 32),

and Plaintiff Uppalapati's petition has been pending for less than 11 months.  (Doc. 1,

¶ 38.)  These timelines are far shorter than the USCIS's estimated processing times for

Form I-526 petitions of 33 to 50 months.  *See* USCIS, "Check Case Processing Times,"

https://egov.uscis.gov/processing-times/ (last accessed Feb. 28, 2020).

a.      **The fact that Plaintiffs' petitions have been pending for more**
        **than 180 days does not mean adjudication has been**
        **"unreasonably delayed."**

Plaintiffs allege that the delays in this case are inherently unreasonable as the

petitions were not adjudicated within 180 days of their filing.  (Doc. 1, ¶ 44.)  However,

in considering whether a delay is unreasonable, courts have consistently held that

processing times, even lengthy ones, by themselves, cannot support a finding of unreasonable delay. *See Hoo Loo v. Ridge*, No. Civ. 04-5553, 2007 WL 813000, at *4 (E.D.N.Y. Mar. 14, 2007) (citing *Immigration & Naturalization Serv. v. Miranda*, 459 U.S. 14, 19 (1982)) ("[T]he Supreme Court has held that evidence of the passage of time cannot, standing alone, support a claim of unreasonable delay."); *Liberty Fund, Inc. v. Chao*, 394 F. Supp. 2d 105, 115 (D.D.C. 2005) ("[M]easuring the delay by years alone cannot establish unreasonable delay."); *Alkenani v. Barrows*, 356 F. Supp. 2d 652, 657 (N.D. Tex. 2005) (denying mandamus relief for immigration application as the 15-month delay was not unreasonable given the circumstances of the case).[2]

Rather, courts have generally considered a variety of factors, including (1) the source of the delay, (2) the complexity of the investigation, (3) whether any party participated in delaying the proceeding, (4) the nature and extent of the interests prejudiced by the delay, and (5) whether expediting action on agency activities will have an adverse effect on higher or competing priorities. *See, e.g., Mohammed v. Frazier,* No. 07-3037 (RHK/JSM), 2008 WL 360778, at *11 (D. Minn. Feb. 8, 2008); *Al-Juburi*, 2007 WL 2285964, at *5-6; *see also Elmalky v. Upchurch*, No. 3:06-CV-2359-B, 2007 WL 944330, at *6 (N.D. Tex. Mar. 28, 2007) ("[U]ltimately, what constitutes an unreasonable

---

[2] Defendants note that there are other cases from this District that determined the applicable immigration agency's delay in adjudicating an application were unreasonable.  These cases, however, involved significantly longer periods of time than that at issue in this case. *See, e.g.*, *Al-Juburi v. Chertoff*, No. 3:06-CV-1270-D, 2007 WL 2285964, at *4 (N.D. Tex. Aug. 9, 2007) (determining that the defendants had not established that a nearly three year delay was necessarily reasonable); *Alsharqawi*, 2007 WL 1346667, at *4 (determining a nearly four year delay weighed in favor of finding jurisdiction over the plaintiff's complaint under the APA).

**Defendants' Motion to Dismiss – Page 11**

delay in the context of immigration applications depends to a great extent on the facts of the particular case.") (internal quotation marks omitted).  As the U.S. District Court in the Northern District of California explained:

> There are no formulaic bases for resolving these kinds of issues; there is no particular time frame that is presumptively unreasonable across the agency board. Instead, in each case the court must determine what kind of decision the applicant was asking the government to make, what kind of information the government would reasonably need to acquire in order make that decision responsibly, how much time it might take to gather that information, whether the applicant could have provided needed information faster or more reliably, what competing demands were being made on the agency during the relevant period, and whether there were forces at work or barriers involved that were beyond the agency's control that disabled it from getting a sufficient information base to make the kind of decision it was being asked to make.

*Razaq v. Poulos*, No. C06-2461 WDW, 2007 WL 61884, at *6 (N.D. Cal. Jan. 8, 2007).

Here, the complaint does not allege any circumstances, aside from the passage of time, as a basis for the alleged unreasonable delay.  Although Plaintiffs have made vague assertions that the "delay is unreasonable for other reasons to be shown at trial," (Doc. 1, ¶ 45), the complaint provides no information as to what these "other reasons" might be. *See*, *e.g.*, *L.M. v. Johnson*, 150 F. Supp. 3d 202, 214 (E.D.N.Y. 2015) ("While two years of delay is not insubstantial, the court cannot find, as a matter of law, that Plaintiffs have alleged facts that would entitle them to the relief requested under the APA."); *accord Pesantez v. Johnson*, No. 15 Civ. 1155 (BMC), 2015 WL 5475655, at *4 (E.D.N.Y. Sept. 17, 2015) (citing a case in which a five year delay was found not unreasonable); *Hoo Loo*, 2007 WL 813000 at *4 (four year delay not unreasonable where neither party put forward reasons for the delay). Thus, there is no basis to compel adjudication based on

Plaintiffs' unsubstantiated claim of unreasonable delay, particularly as the "delay" is far shorter than the estimated time range for the adjudication of Form I-526 petitions.

> **b.  As USCIS continues to adjudicate Form I-526 petitions, there is no basis for judicial intervention at this time.**

Although Plaintiffs are frustrated with the pace of USCIS's adjudication of their petitions, the agency is working diligently to adjudicate pending Form I-526 petitions. USCIS's responsibilities relating to the processing and adjudication of immigration applications are enormous and wide-sweeping.  Given the overall number of petitions, when combined with the complexity of the Form I-526 adjudication process, the length of time for which Plaintiffs' petitions have been pending is reasonable.  *See* 8 C.F.R. § 204.6; *see also Patel v. Rodriguez*, No. 15-CV-486, 2015 WL 6083199, at *6 (N.D. Ill. Oct 13, 2015) (dismissing plaintiffs' unreasonable-delay claim in part because "Plaintiffs have remained on the waiting list because there is a long line of applicants ahead of them"); *L.M.*, 150 F. Supp. 3d at 214 (dismissing an unreasonable delay claim involving an asylum application, finding "[i]t is not unreasonable for delays to occur and a backlog to develop where an agency with limited resources is attempting to adjudicate an ever increasing number of applications … While two years of delay is not insubstantial, the court cannot find, as a matter of law, that plaintiffs have alleged facts that would entitle them to the relief requested under the APA").

Judicial intervention in this case "would necessarily involve an intrusion into the defendants' allocation of adjudicatory resources on the whole, and that is something [the] Court is institutionally ill-equipped to do."  *Pesantez*, 2015 WL 5475655, at *6.  If the

Court moved Plaintiffs to the front of the line, it would cause other petitioners to wait longer for adjudication. *See Saleh v. Ridge*, 367 F. Supp. 2d 508, 513 (S.D.N.Y. 2005) ("Nor has Plaintiff provided any compelling rationale for why he should not be made to wait his turn for adjudication.").  In other immigration mandamus cases, courts have refused to move the plaintiff "to the front of the line," as doing so would only contribute to, rather than mitigate, the backlog of pending applications filed ahead of them. *See Pesantez*, 2015 WL 5475655, at *4 (noting that to judicially expedite plaintiff's case would provide "relief that would further incentivize defendants to prioritize those asylum applicants who have the wherewithal to retain private counsel"); *Kobaivanova v. Hansen*, No. 1:11CV943, 2011 WL 4401687, at *6 n.5 (N.D. Ohio, Sept. 16, 2011) (refusing "to compel the USCIS to adjudicate Plaintiff's application immediately, with the result that Plaintiff's application would be resolved ahead of other applications that may have been pending for longer").

Additionally, ordering USCIS to adjudicate the Plaintiffs' petitions would simply encourage more litigation, slowing the system for those whose petitions have been pending longer. *See Dmitrenko v. Chertoff*, No. 07-CV-82, 2007 WL 1303009, at *1 (E.D. Va. Apr. 30, 2007) (declining to compel adjudication of an immigration application because it "would set a dangerous precedent, sending a clear signal that more litigious applicants are more likely to be moved to the top of the proverbial pile over other applicants that have waited even longer").

      **c.**    **Even if USCIS were to immediately adjudicate Plaintiffs' petitions, two of the three are unlikely to receive an EB-5 visa to enter the United States at this time, given the number of visas available.**

Critically, forcing Plaintiffs to the front of the line may also be irrelevant to Plaintiffs' ultimate goal—to receive an EB-5 visa to enter the United States.  Before an alien applying to the EB-5 program may legally enter the United States, the alien must successfully complete multiple steps in the application process.  *See Wang v. Pompeo*, 354 F. Supp. 3d 13, 17-19 (D.D.C. 2018); *Zhang v. USCIS*, 344 F. Supp. 3d 32, 40-41 (D.D.C. 2018).  Not only must USCIS approve the alien's Form I-526 petition, but the alien must then apply for either a visa or an adjustment of status in order to be admitted (or remain) in the United States as an EB-5 investor.  *Zhang*, 344 F. Supp. 3d at 41. However, an EB-5 visa can only be issued if an EB-5 visa number is available.[3]

Congress has set an annual cap on the total number of immigrant visas that can be issued as part of the EB-5 program.  8 U.S.C. §§ 1151(d), 1153(b)(5)(A).  This cap is also subject to a per-country limit, whereby Congress has restricted the number of visas that can be provided to immigrants from any single country annually.  8 U.S.C. § 1152(a)(2). As a result, an approved Form I-526 petition does not mean that the petitioner may immediately enter the United States.  Instead, the petitioner must wait for an EB-5 visa number to be available.

---

[3] Even if the petitioner is already in the United States and is applying for an adjustment of status (rather than a visa), there still must be an EB-5 visa number available before the adjustment of status can occur. 22 C.F.R. § 42.51(b); *see also Wang*, 354 F. Supp. 3d at 18 ("Aliens physically present in the United States and those outside the United States are allocated numbers from the same group of available visas).

**Defendants' Motion to Dismiss – Page 15**

The priority date of a Form I-526 petition is generally the date the petition was properly filed.  8 C.F.R. § 204.6(d).  Each month, the Department of State calculates how many visa numbers are available for allocation that month.  *Wang*, 354 F. Supp. 3d at 17-18.  When the number of qualified applicants in a visa category is greater than the amount of visa numbers available for allotment, the Department of State establishes a cut-off date, called the "final action date."  *Wang*, 354 F. Supp. 3d at 18.  "Only EB-5 investors with approved I-526 petitions filed before the cut-off date can obtain available visa numbers in order of priority date."  *Id.*

The current cut-off, or "final action," date for EB-5 investors from India is October 22, 2018.  *See* Department of State, "Visa Bulletin for March 2020," available at https://travel.state.gov/content/travel/en/legal/visa-law0/visa-bulletin/2020/visa-bulletin-for-march-2020.html (last visited March 2, 2020).  This means that only EB-5 investors from India with approved I-526 petitions that were filed *before* October 22, 2018 are currently eligible to receive an EB-5 visa.  Plaintiffs Siddamreddy and Uppalapati, who are from India (Doc. 1, ¶¶ 29, 35), filed their Form I-526 petitions after October 22, 2018.[4]  (Doc. 1, ¶¶ 30, 36.)  Therefore, neither of these plaintiffs are currently eligible to receive an EB-5 visa.  As a result, compelling USCIS to immediately adjudicate Plaintiffs Siddamreddy's and Uppalapati's petitions would not even allow them to legally enter the country at this time, even if the petitions were approved.

---

[4] Plaintiff Chuttani is also from India, and filed his petition before the current final action date.  (Doc. 1, ¶¶ 23-24.)

*  *  *

As Plaintiffs have failed to demonstrate that USCIS unlawfully withheld, unreasonably delayed, or otherwise "failed to take a discrete agency action that it [was] required to take," *Norton*, 542 U.S. at 64, Plaintiffs are not entitled to relief on their APA claim, and it should be dismissed.

**B.      Plaintiffs are not entitled to mandamus relief.**

The writ of mandamus is "a drastic and extraordinary remedy reserved for really extraordinary causes." *Cheney v. U.S. Dist. Court for the Dist. of Columbia*, 542 U.S. 367, 380 (2004) (quoting *Ex Parte Fahey*, 332 U.S. 258, 259-60 (1947)) (internal quotations omitted).  Consistent with this extraordinary remedy, courts will correct only "transparent violations of a clear duty to act." *In re Aiken Cnty.*, 645 F.3d 428, 436 (D.C. Cir. 2011); *see also Giddings v. Chandler*, 979 F.2d 1104, 1108 (5th Cir. 1992) (explaining that mandamus relief is only appropriate when the "plaintiff's claim is clear and certain and the duty of the officer is ministerial and so plainly prescribed as to be free from doubt") (internal quotation marks omitted).

In order to establish entitlement to mandamus relief, a plaintiff must show that he has a clear right to the relief sought, that the defendant has a nondiscretionary duty to act, and there is no other adequate remedy available. *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34-35 (1980); *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 768 (5th Cir. 2011).  The petitioner carries the burden of showing that his right to issuance of the writ is "clear and indisputable." *Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 309 (1989).  Even if all three elements are satisfied, the decision to grant or

deny the writ remains within the Court's discretion because of the extraordinary nature of the remedy. *Wolcott*, 635 F.3d at 768.   Here, Plaintiffs have failed to demonstrate any of the three elements necessary for such relief.

### 1.   Plaintiffs have no clear and indisputable right to instant adjudication, as USCIS has not violated its duty to timely adjudicate Plaintiffs' petitions.

Plaintiffs have failed to demonstrate either the first or second elements for mandamus relief, as they cannot show a clear and indisputable right to the relief they seek—near-immediate adjudication—or that Defendants violated their duty to timely adjudicate their petitions.  Plaintiffs allege that the Court should issue an order of mandamus to compel the adjudication of their Form I-526 petitions within 30 days because Defendants have failed "to adjudicate each of the Plaintiffs' EB-5 petitions within a reasonable amount of time."  (Doc. 1, ¶¶ 51, 54.)  However, as explained above, there is no statutory deadline within which the petitions must be adjudicated.  To the extent Plaintiffs assert that Congress's recommended time line for adjudication must be used to assess the reasonableness of USCIS's pace, the Fifth Circuit has held otherwise, stating that 8 U.S.C. § 1571(b) does not create a "clear and certain right" to mandamus relief when USCIS fails to adjudicate an action within the 180 days specified in the statute.  *Bian*, 605 F.3d at 255.

Similarly, USCIS's pace of adjudication for Plaintiffs' petitions is reasonable, as the length of time these petitions have been pending is well within the estimated time frame for the adjudication of all Form I-526 petitions.  *See* USCIS, "Check Case Processing Times," https://egov.uscis.gov/processing-times/.  Further, courts in this

district have held that it is not simply the length of an alleged delay, but rather a variety of other factors like the complexity of the investigation, the extent of the interests prejudiced by the alleged delay, and the effect that expediting action on the agency's action would have on competing priorities, that determines whether it is unreasonable. *See Al-Juburi*, 2007 WL 2285964, at *5-6; *Elmalky*, 2007 WL 944330, at *6.  Plaintiffs have not alleged any facts in their complaint regarding these other factors to demonstrate that the delay has been unreasonable, beyond the simple length of time the petitions have been pending.

More fundamentally, the extraordinary relief of a mandamus is not warranted when granting relief would simply move the plaintiff to the front of the line at the expense of others who are waiting.  The D.C. Circuit, which is the home circuit for the headquarters of most federal agencies (including USCIS's Immigrant Investor Program Office, which adjudicates all EB-5 petitions and applications) and carries a heavy docket of administrative law cases, has authored the leading decision in this area.  *See In re Barr Labs., Inc.*, 930 F.2d 72, 75 (D.C. Cir. 1991).  In *In re Barr*, a pharmaceutical company sought mandamus to require the Food and Drug Administration to comply with a statutory deadline for the review of applications to sell generic drugs.  *Id.*  Although the agency had missed the deadline, the court nonetheless denied mandamus relief because putting the petitioner's application first would merely change the order of applications but do nothing to solve the overall delay.  *See id.* at 75-76 ("[A] judicial order putting [the petitioner] at the head of the queue simply moves all others back one space and produces no net gain.").  Mandamus relief was, therefore, inappropriate.  *Id.*; *see also*

*Casa Colina Hosp. v. Burwell*, No. 15-3990, 2015 WL 11237100, at \*1 (C.D. Cal. Oct. 30, 2015) (finding mandamus inappropriate in a case in which the Department of Health and Human Services had failed to adjudicate the plaintiff's Medicare appeal within a statutory deadline, because "mandamus would merely allow [the plaintiff] to jump the queue of other identically situated parties"), *aff'd*, 698 F. App'x 406 (9th Cir. 2017).

The same considerations apply in this case, particularly as, unlike in *Barr*, there is no violation of any statutory deadline for agency action.  While Plaintiffs are understandably eager to have their petitions adjudicated, there are no facts alleged which would justify their receipt of more favorable treatment—cutting to the front of the line— at the expense of the other similarly situated petitioners whose Form I-526 petitions are also pending.  Indeed, as one court has noted, "[n]ot only would [granting mandamus relief in these circumstances] be arbitrary and unjust, it would encourage a barrage of mandamus actions by others seeking to also jump to the front of the line."  *Casa Colina*, 2015 WL 11237100, at \*1.

As there is no statutory deadline for adjudication of Form I-526 petitions and the length of time that Plaintiffs' petitions have been pending is reasonable, Plaintiffs have failed to demonstrate that they have a "clear and indisputable" right to such relief and have failed to demonstrate that USCIS violated any duty owed to Plaintiffs.  Plaintiffs' request for mandamus relief should be dismissed on these grounds alone.

**2.      Plaintiffs have other adequate remedies available for relief.**

Plaintiffs' claim for mandamus relief also must fail because they cannot demonstrate the third element required for relief, that there are no other adequate

remedies available.  *See United States v. Denson*, 603 F.2d 1143, 1147 n.2 (5th Cir. 1979)

("It is fundamental that in such cases a court will not issue a writ of mandamus unless no

other remedy is available.").  Plaintiffs have multiple other remedies available, including

to bring suit under the APA.  *See Ahmadi v. Chertoff*, 522 F. Supp. 2d 816, 818 n.3 (N.D.

Tex. 2007) (explaining that mandamus relief is unavailable to the plaintiff because

"[g]iven the APA's authorization of courts to compel agency action unreasonably

delayed, the request for mandamus relief seems largely duplicative"); *see also Mt.

Emmons Min. Co. v. Babbitt*, 117 F.3d 1167, 1170 (10th Cir. 1997) ("The availability of a

remedy under the APA technically precludes [the plaintiff]'s alternative request for a writ

of mandamus."); *M.J.L. v. McAleenan,* No. A-19-CV-00477-LY, 2019 WL 6039971, at

*7 (W.D. Tex. Nov. 13, 2019) (report and recommendation) (explaining that mandamus

relief was unavailable to the plaintiffs because they had a remedy under the APA).

     Plaintiffs' failure to demonstrate either that this Court has subject matter

jurisdiction over the APA claim or to sufficiently plead their APA claim does not mean

that remedy does not exist at all, but just that it is unavailable to them as they have

pleaded it at this time.  *See, e.g.*, *Li v. Agagan*, No. 04-40705, 2006 WL 637903, at *4 n.5

(5th Cir. Mar. 14, 2006) (explaining that the appellant had implicitly acknowledged that

he had a remedy under the APA but had failed to plead it, but the existence of that

alternative remedy would foreclose mandamus jurisdiction); *Muse v. Nat'l Flood Ins.

Pgm.*, No. 17-10586, 2019 WL 968371, at *3 (E.D. La. Feb. 28, 2019) (dismissing the

plaintiffs' mandamus claim as they had another adequate remedy available, explaining

that "Plaintiffs' failure to pursue their remedies properly under [the separate statutory

scheme] does not mean that these potential remedies do not exist").

* * *

The Supreme Court has stated that mandamus relief is a drastic remedy to be used only in extraordinary circumstances. *See Kerr v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 426 U.S. 394, 402 (1976). Plaintiffs have not alleged any such extraordinary circumstances here to justify mandamus relief. Plaintiffs have no clear right to immediate adjudication, USCIS has not violated any duty towards the Plaintiffs, and the Plaintiffs have other remedies available. Accordingly, Plaintiffs have failed to meet their burden of demonstrating that they are entitled to the drastic relief of a writ of mandamus.

## IV.     Conclusion

For the foregoing reasons, Defendants respectfully request that this Court grant their motion to dismiss.

Respectfully submitted,

ERIN NEALY COX
United States Attorney

*/s/ Sarah E. Delaney*
Sarah E. Delaney
Assistant United States Attorney
Arizona Bar No. 031722
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:  214-659-8730
Facsimile:   214-659-8807
sarah.delaney@usdoj.gov

Attorneys for Defendants

## <u>CERTIFICATE OF SERVICE</u>

On March 2, 2020, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Sarah E. Delaney*
Sarah E. Delaney
Assistant United States Attorney
