IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_____

| | |
|---|---|
| AASHISH CHUTTANI, SUMAN SIDDAMREDDY, and BHARAT UPPALAPATI,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, and KENNETH T. (KEN) CUCCINELLI, Acting Director, U.S. Citizenship and Immigration Services (or his successor), in his official capacity,<br><br>    Defendants. | Civil Action No. 3:19-CV-02955-X |

## JOINT PROPOSAL FOR CONTENTS OF
## SCHEDULING AND DISCOVERY ORDER

Pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure and the Court's July 8, 2020 order (Doc. 18), counsel for Plaintiffs Aashish Chuttani, Suman Siddamreddy, and Bharat Uppalapati ("Plaintiffs") and counsel for Defendants U.S. Citizenship and Immigration Services ("USCIS") and Kenneth T. Cuccinelli, Senior Official Performing the Duties of the Director of USCIS (collectively, "Defendants") conferred regarding this case.  As a result of that conference and in compliance with the Court's Order, Plaintiffs and Defendants submit the following Joint Proposal for the contents of the scheduling and discovery order.

It is noted at the outset that this case is an action under the Administrative Procedure

**Joint Proposal for Contents of Scheduling and Discovery Order – Page 1**

Act ("APA"), regarding an alleged unreasonable delay in a federal agency's issuance of an administrative decision, and it is therefore exempt from the scheduling and planning requirements of Fed. R. Civ. P. 16(b) pursuant to N.D. Tex. Local Civ. R. 16.1(i). *See also* Fed. R. Civ. P. 16.1(b)(1) (recognizing that courts may by local rule exempt certain categories of cases from the scheduling order requirements of Fed. R. Civ. P. 16). Additionally, Defendants have moved for dismissal of this action in its entirety, and the motion remains before the Court. (*See* Doc. 15 (Defendants' motion to dismiss Plaintiffs' First Amended Complaint); Doc. 16 (Plaintiffs' response to Defendants' motion to dismiss); Doc. 17 (Defendants' reply in support of their motion to dismiss).)

Nonetheless, the parties agree that a Court-approved schedule will promote the efficient resolution of this case, and conserve both judicial and party resources. Therefore, as set forth in more detail below under item 2, the parties propose, with the Court's approval, to set a schedule for (a) filing the relevant administrative record, including any agreed exchange of information and documents or formal discovery to ensure the completeness of that record and then (b) filing dispositive cross-motions based on that administrative record, if the Court denies Defendants' motion to dismiss.

**Status Report on Settlement Negotiations**: At the conference, the parties discussed the possibility of settlement. As described below, the parties agree to continue discussing settlement as the case progresses, but believe that settlement discussions will be more productive once the parties have had an opportunity to fully review the administrative record.

1. **A proposed time limit to file motions for leave to join other parties and to amend the pleadings.**

At this time, the parties do not anticipate that any other parties will need to be joined or that the pleadings will need to be amended. The deadlines for filing any motions for leave to amend pleadings or to join other parties are addressed below.

2. **Proposed time limits to file various types of motions.**

As Defendants' motion to dismiss this action is its entirety remains pending, the parties believe that the resulting deadlines in this case should be related to the date of the Court's ruling on the motion to dismiss, in the interest of both judicial and party resources. Further, if the Court denies the Defendants' motion to dismiss, the parties believe that this case can most likely be decided on the papers, and therefore can be expeditiously resolved through cross-motions for summary judgment. The parties would thus propose the following schedule, if the matter is not resolved by the Court's ruling on the Defendants' motion to dismiss:

| Proposed Pleadings and Administrative Record Schedule | |
|---|---|
| Deadline to file administrative record | 60 days after the Court's order on motion to dismiss |
| Deadline to file motions for leave to join additional parties | Defendants' Proposal: 30 days after the filing of the administrative record<br><br>Plaintiffs' Proposal: 30 days after the close of discovery. |
| Deadline to amend pleadings | Defendants' Proposal: 30 days after the filing of the administrative record |

|  | Plaintiffs' Proposal: 30 days after the close of discovery. |
|---|---|
| **Proposed Briefing Schedule** | |
| Deadline for Plaintiffs to file a dispositive motion based on the administrative record | Defendants' Proposal: 60 days after the filing of the administrative record<br><br>Plaintiffs' Proposal: 60 days after the close of discovery. |
| Deadline for Defendants to file consolidated cross-dispositive motion based on the administrative record and response to Plaintiffs' dispositive motion | 30 days after the filing of Plaintiffs' motion |
| Deadline for Plaintiffs to file consolidated reply and response to Defendants' cross-dispositive motion | 21 days after the filing of Defendants' cross-motion |
| Deadline for Defendants to file a reply | 14 days after the filing of Plaintiffs' consolidated reply and response |

USCIS notes that without congressional action before August 30, 2020, USCIS expects to furlough over 13,000 staff members. In the event of a furlough, the parties will meet and confer and may submit a joint status report by no later than September 18, 2020 about extending outstanding deadlines if appropriate.

**3.    A proposed plan and schedule for discovery, including a time limit to complete discovery.**

The parties have agreed to cooperate on ensuring the completeness and accuracy of the administrative record before it is filed with the Court.

Plaintiffs' Position
This is a case involving a request for this Court to make a determination of whether an agency of the United States has unreasonably delayed action for the purposes of the APA.  As described in Plaintiffs' *Objection To Motion To Dismiss* [Doc. No. 16]

("Objection"), such a determination is a complicated, nuanced, and fact-specific inquiry. See *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1100 (D.C. Cir. 2003) ("Resolution of a claim of unreasonable delay is ordinarily a complicated and nuanced task requiring consideration of the particular facts and circumstances before the court."). In making such an inquiry, Federal District Courts across the country, including those in Districts here in Texas, use a six-factor test known as the "TRAC" test, comprising the following factors: "(1) the time agencies take to make decisions must be governed by a "rule of reason;" (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed." See *MJL v. McAleenan*, Civil No. A-19-CV-00477-LY (W.D. Tex. Nov. 13, 2019). As described in Plaintiffs' Objection, while Plaintiffs have access to information regarding some of the TRAC factors, the majority of the other TRAC factors can only be satisfied by getting information that Defendants have and which they have not provided, including: whether the time USCIS is taking in the challenged delay is governed by a "rule of reason", whether any activities that USCIS claims is of a higher priority (and which USCIS alleges is delaying the challenged inaction) is actually higher in priority,

whether this Court forcing Defendants to act as Plaintiffs are asking actually does prejudice any claimed higher priorities, and whether there is any impropriety lurking behind Defendants' lassitude. This information can only reasonably be obtained through the discovery process in this case, and as such it is Plaintiffs' position that in order to meet their burden to show unreasonably delay under the TRAC factors, they need to engage in discovery in this case. Accordingly, Plaintiffs propose that, in order to move the case along expeditiously, the discovery period be initiated immediately, and propose the following deadlines for discovery in this case:

| Item | Deadline |
|---|---|
| End of Discovery | 9 months from entry of this Court's order disposing of Defendants' currently-pending motion to dismiss |
| Expert Disclosures | 60 days prior to the end of discovery |

Defendants' Position
Because this is an action under the APA, there should be no need for discovery, other than the disclosure of the administrative record (which Defendants propose to file with the Court in accordance with the above proposed schedule). *See* 5 U.S.C. § 706; *Cross Timbers Concerned Citizens v. Saginaw*, 991 F. Supp. 563, 570 (N.D. Tex. 1997) (explaining that when a court is reviewing "an agency action unlawfully withheld or unreasonably delayed . . . judicial review must be based on the administrative record already in existence") (internal citations omitted). Similarly, there should be no need to disclose experts or witnesses.

As described above, Plaintiffs are proposing that the parties begin engaging in

discovery now, even though the administrative record has not yet been produced and the Defendants' motion to dismiss the entire case remains pending. However, there is a strong presumption against discovery outside the administrative record in an APA case. *Camp v. Pitts*, 411 U.S. 138, 142 (1973) (explaining that in an action under the APA, "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court"); *see also Little Co. of Mary Hosp. v. Sebelius*, 587 F.3d 849, 856 (7th Cir. 2009) (noting "the general rule that discovery outside of the administrative record is inappropriate"*)*; *NVE, Inc. v. Dep't of Health and Human Servs.*, 436 F.3d 182, 195 (3d Cir. 2006) (finding that "[t]here is a strong presumption against discovery into administrative proceedings").

Additionally, there is a significant likelihood that any discovery at this stage of litigation would be duplicative of information contained in the forthcoming administrative record, thereby unnecessarily expending resources by both parties and requiring Defendants to disclose and produce the same information twice (or more). *See* Fed. R. Civ. P. 26(b)(2)(C) (explaining that discovery should be limited where "the discovery sought is unreasonably cumulative or duplicative"). And to the extent Plaintiffs believe that the administrative record may be insufficient to address their desired discovery requests, the parties have already agreed to cooperate on ensuring the completeness and accuracy of the record prior to Defendants filing the record with the Court. Therefore, it would not be appropriate to engage in discovery at this time.

Instead, additional discovery outside the administrative record should only occur if Defendants' motion to dismiss is denied, if the administrative record is filed after the

parties' coordination on its contents, and if, at that time, the Plaintiffs still believe the record is incomplete and they can demonstrate in a motion for leave to take discovery outside the administrative record that they are entitled under federal law to such additional discovery. *See Media Cty. Environ. Action Ass'n v. Surface Transp. Bd.*, 602 F.3d 687, 706 (5th Cir. 2010) (citing *Am. Wildlands v. Kempthorne*, 530 F.3d 991, 1002 (D.C. Cir. 2008) (explaining that additional information outside the administrative record will not be considered "unless the moving party demonstrates 'unusual circumstances justifying a departure' from the general presumption that review is limited to the record compiled by the agency").

4. However, if the Court determines that discovery at this stage of litigation might be appropriate, Defendants respectfully request that both parties be allowed to submit additional briefing on the issue to fully address their respective arguments.**A proposal for limitations, if any, to be placed upon discovery.**

   See proposal for item 3, above.

5. **A proposed time limit to designate expert witnesses.**

   See proposal for item 3, above.

6. **A proposed trial date, estimated number of days required for trial, and whether a jury has been demanded.**

   See proposal for item 2, above. Neither party has demanded a jury trial in this action.

7. **A proposed date for commencing settlement negotiations.**

   The parties discussed the possibility of settlement at their conference and have agreed to continue these discussions moving forward. They will inform the Court promptly if agreement is reached.

**8.      Whether the parties will consent to trial (jury or non-jury) before a United States Magistrate Judge.**

After carefully reviewing the provisions of 28 U.S.C. § 636(c), the parties do not agree to trial before a U.S. magistrate judge.

**9.      Whether parties are considering mediation or arbitration to resolve this litigation, and if not then why not.**

The parties may be open to mediating this matter after the administrative record is filed with the Court but do not propose that mediation be scheduled at this time. The parties believe that, given the nature of the case, mediation would be more fruitful once the parties have fully reviewed the administrative record.

**10.     Any other proposals regarding scheduling and discovery and that the parties believe will facilitate expeditious and orderly preparation for trial, including the parties' position on a consolidated discovery schedule.**

The parties have no additional proposals, beyond those described above, at this time.

**11.     Any other matters relevant to the status and disposition of this case.**

None at this time.

                                                             Respectfully submitted,

                                                             ERIN NEALY COX
                                                             United States Attorney

| | |
|---|---|
| */s/ Jonathan Gitlin* | |
| Jonathan Gitlin | */s/ Sarah E. Delaney* |
| Texas State Bar No. 24064305 | Sarah E. Delaney |
| The Patel Law Group, PLLC | Assistant United States Attorney |
| 1125 Executive Circle, Suite 200 | Arizona Bar No. 031722 |
| Irving, Texas 75038 | 1100 Commerce Street, Third Floor |
| Tel: (972) 650-6848 | Dallas, Texas  75242-1699 |
| Fax: (972) 650-6167 | Tel:  214-659-8730 |
| jgitlin@patellegal.com | Fax: 214-659-8807 |
| Attorneys for Plaintiffs | sarah.delaney@usdoj.gov |
| | Attorneys for Defendants |

## CERTIFICATE OF SERVICE

On August 5, 2020, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

                                                                       */s/ Jonathan Gitlin*
                                                                       Jonathan Gitlin