UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AASHISH CHUTTANI, SUMAN SIDDAMREDDY, and BHARAT UPPALAPATI, | § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | Civil Action No. 3:19-CV-02955-X |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES and KENNETH T. CUCCINELLI, | § § § § § | |
| *Defendants*. | § | |

## MEMORANDUM ORDER AND OPINION

The plaintiffs, three citizens of India seeking EB-5 visas, allege that United States Citizenship and Immigration Services has "unlawfully withheld or unreasonably delayed" adjudication of their visa petitions.[1] Citizenship and Immigration Services moved to dismiss.[2] The motion is now ripe. And the Court hereby **GRANTS** the motion and **DISMISSES WITHOUT PREJUDICE** the plaintiffs' claims.

---

[1] *See* 5 U.S.C. § 706(1) (allowing federal courts to compel agency action if unreasonable delay occurs); 5 U.S.C. § 555(b) (requiring federal agencies to conclude matters presented to them "within a reasonable time").

[2] Doc. 15.

## I.     Facts

Congress established the EB-5 program to provide visas to immigrant investors.[3] The three plaintiffs (Aashish Chuttani, Suman Siddamreddy, and Bharat Uppalapati) filed Form I-526 petitions with USCIS to obtain visas through this program.  According to the complaint, Chuttani filed his petition in September 2018, Siddamreddy filed in December 2018, and Uppalapati filed in April 2019.[4] Citizenship and Immigration Services acknowledged via receipt that they'd received all three petitions.[5]

Just over six months[6] after Uppalapati filed his EB-5 visa petition, the three plaintiffs sued Citizenship and Immigration Services and Ken Cuccinelli in his capacity as acting director.  They alleged that the Citizenship and Immigration Services "has a non-discretionary duty to act within a reasonable amount of time with respect to an EB-5 visa application."[7]  Specifically, they argue, this reasonable timeframe is prescribed by 8 U.S.C. § 1571(b): "It is the sense of Congress that the processing of an immigration benefit application should be completed not later than

---

[3] *Id*. at 2; *see also EB-5 Immigrant Investor Program*, U.S. CITIZENSHIP AND IMMIGRATION SERVICES (June 10, 2020), https://www.uscis.gov/working-in-the-united-states/permanent-workers/eb-5-immigrant-investor-program ("Congress created the EB-5 program in 1990 to stimulate the U.S. economy through job creation and capital investment by foreign investors.").  The specific law governing visas is 8 U.S.C. § 1153.

[4] Doc. 1 at 5–6.

[5] *Id*.

[6] Or about 180 days.  (This will become important shortly.)

[7] Doc. 1 at 7; *see also* 8 U.S.C. § 1153(b)(5)(A) ("Visas shall be made available, in a number not to exceed 7.1 percent of worldwide level, to qualified immigrants seeking to enter the United States for the purpose of engaging in a new commercial enterprise . . . .").

180 days after the initial filing of the application . . . ." The same subchapter also requires the Attorney General of the United States to take any necessary measures to "reduce the backlog in the processing of immigration benefit application, with the objective of the total elimination of the backlog."[8] (The "backlog" is the "period of time in excess of 180 days" that an immigration benefit application like an EB-5 visa petition has been pending before Citizenship and Immigration Services.)[9]

The plaintiffs read these statutes to mean that "any processing time in excess of 180 days with respect to an EB-5 petition is unreasonable, and thus in violation of the law."[10] They ask the Court to compel Citizenship and Immigration Services to adjudicate their petitions under the Administrative Procedure Act[11] or the Mandamus Act.[12]

## II. Administrative Procedure Act Jurisdiction

First, the Court must deal with the threshold matter of jurisdiction under the Administrative Procedure Act. In their motion to dismiss, the defendants argue that the Court does not have subject-matter jurisdiction because the "Plaintiffs have not demonstrated that [the] Defendants have either unreasonably delayed or unlawfully

---

[8] 8 U.S.C. § 1573(a)(1); *see also* 8 U.S.C. § 1571(a)(1) ("The purposes of this subchapter are to provide the Immigration and Naturalization Service with the mechanisms it needs to eliminate the current backlog in the processing of immigration benefit applications . . . and to maintain the elimination of the backlog in future years . . . .").

[9] 8 U.S.C. § 1572(1).

[10] Doc. 1 at 4.

[11] 5 U.S.C. § 706.

[12] 28 U.S.C. § 1361.

withheld agency action . . . as is necessary for such jurisdiction."[13]  The Administrative Procedure Act gives any "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute" the right to judicial review.[14]  The plaintiffs aver that the legal wrong they've suffered is the unreasonable delay in adjudication of their EB-5 petitions.[15]

Does the Court have jurisdiction?  At a minimum, the Court has jurisdiction to determine if it has jurisdiction.[16]  If the Court finds that the plaintiffs have not shown any unreasonable delay within the meaning of 5 U.S.C. § 702 in adjudication of their visa applications—*i.e.*, if they have not stated a claim—then they have suffered no legal wrong for which federal law waives sovereign immunity and the Court lacks jurisdiction.  Strange as it is then, the Court must therefore engage with the merits of the plaintiffs' claims at the jurisdictional stage.  And because the plaintiffs have not shown an unreasonable delay in processing their visa applications, the Court lacks subject-matter jurisdiction.

To state a claim under section 706(1), the plaintiff must plead "that an agency failed to take a discrete agency action that it is required to take."[17]  Therefore, in

---

[13] Doc. 17 at 1.

[14] 5 U.S.C. § 702.

[15] Doc. 11 at 11.

[16] *See United States v. Ruiz*, 536 U.S. 622, 628 (2002) ("[A] federal court always has jurisdiction to determine its own jurisdiction.").

[17] *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004) (emphasis omitted); *see also Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 891 (1990).

order for the Court to find a legal wrong that entails jurisdiction under section 702, the plaintiffs must show (1) that an agency has a nondiscretionary duty to perform some action under law, and (2) that the agency has failed to perform said action.

The Court finds that the plaintiffs have demonstrated that Citizenship and Immigration Services has a nondiscretionary duty to adjudicate EB-5 petitions. The statute that creates the EB-5 immigrant investor visa program states that "[v]isas *shall* be made available . . . to qualified immigrants seeking to enter the United States for the purpose of engaging in a new commercial enterprise . . . ."[18] And another federal law requires every federal agency to adjudicate matters properly before it "with due regard for the convenience and necessity of the parties or their representatives and within a reasonable time."[19] Taken together, these statutes lead to the inescapable conclusion that Citizenship and Immigration Services must decide whether to accept or reject EB-5 petitions within a reasonable time, as a matter of law.

But the plaintiffs have not shown that Citizenship and Immigration Services has *failed* to adjudicate their EB-5 petitions. They have only shown that Citizenship and Immigration Services has not *yet* adjudicated their petitions. As far as the Court can tell, Congress has not affirmatively provided a time limit by which Citizenship and Immigration Services must adjudicate any given immigration benefit petition. True, section 1571(b) states that "[i]t is the sense of Congress that the processing of

---

[18] 8 U.S.C. § 1153(b)(5)(A) (emphasis added); *see also See* ANTONIN SCALIA & BRYAN A. GARNER, READING LAW 112–15 (2012) ("Mandatory words impose a duty; permissive words grant discretion.").

[19] 5 U.S.C. § 555.

an immigration benefit application should be completed not later than 180 days after the initial filing of the application." The plaintiffs argue that failure to adjudicate an EB-5 petition within 180 days constitutes an unreasonable delay, capable of undergirding a legal wrong requiring judicial review. The Fifth Circuit has held otherwise. In *Bian v. Clinton*,[20] a Chinese national sued Citizenship and Immigration Services, arguing that the agency was duty-bound "to adjudicate her [visa] application" within 180 days, based on this very statute.[21] The court disagreed:

> We do not agree that this statute, which merely expresses Congress's sense of the adjudicative process, establishes that Bian has a "clear and certain" right to have her I–485 application adjudicated within 180 days of its filing—or that the [Citizenship and Immigration Services] has a "plainly prescribed" duty to process the application within that time frame.[22]

The Court refuses to transmogrify an aspiration into a deadline.[23] Exceeding the 180 days Congress provides as a goal for immigration benefit application processing doesn't mean that Citizenship and Immigration Services has failed in its duty to act on the plaintiffs' petitions. It just means Citizenship and Immigration Services is not acting as fast as the plaintiffs wish. As a result, the Court is disinclined to acquiesce

---

[20] 605 F.3d 249 (5th Cir. 2010) (vacated on other grounds).

[21] *Id.* at 255.

[22] *Id.* Because *Bian* was vacated (and not overruled) after Citizenship and Immigration Services issued the plaintiff's visa four months after the Fifth Circuit's decision, *see Bian v. Clinton*, 2010 WL 3633770 (5th Cir. Sept. 16, 2010), the Court holds that it is still binding precedent. At the very least, it is highly persuasive.

[23] *Cf.* Geoffrey Rush: Barbossa, PIRATES OF THE CARIBBEAN: THE CURSE OF THE BLACK PEARL (Walt Disney Pictures 2003), https://www.imdb.com/title/tt0325980/characters/nm0001691 (telling Ms. Elizabeth Swann that "the [pirate] code is more what you'd call 'guidelines' than actual rules.").

to the plaintiffs' request to find Congress's "sense" of 180 days to be an actionable deadline that waives sovereign immunity.[24]

Rather than treating the 180-day "sense of Congress" as the benchmark for reasonable processing time, the Court holds that "[w]hat constitutes an unreasonable delay in the context of immigration applications depends to a great extent on the facts of the particular case."[25] And the length of the delay is not the only factor that may make a delay "unreasonable." The plaintiffs must also make a "showing of prejudice."[26] The Court must therefore examine the facts of the case to determine whether the plaintiffs' applications have been unreasonably delayed.

Citizenship and Immigration Services points to their own average processing times for EB-5 applications as a measure of reasonability.[27] Currently, the average processing time for a Form I-526 petition is estimated to lie between 30.5 and 50 months.[28] The Court agrees that this is a highly helpful indicator of how long an

---

[24] *See* PIRATES OF THE CARIBBEAN: THE CURSE OF THE BLACK PEARL (Walt Disney Pictures 2003) ("Means no.").

[25] *Elmalky v. Upchurch*, 2007 WL 944330 at *6 (N.D. Tex. Mar. 28, 2007).

[26] *King v. Nat'l Transp. Safety Bd.*, 766 F.2d 200, 202 (5th Cir. 1985). The plaintiffs urge us to adopt the D.C. Circuit's reasoning in *Telecomm.'s Rsch and Action Ctr. v. Fed. Commc'ns Comm'n*, 750 F.2d 70, 79–80 (D.C. Cir. 1984) ("TRAC"). This authority is not binding, and contrary to the plaintiffs' assertions, it does not provide a six-factor "test" that can guide courts in making a determination of unreasonable delay under the Administrative Procedure Act. Instead, it gathers and rewords holdings in a variety of D.C. Circuit cases to offer a list of six general principles that create "the hexagonal contours of a standard" to determine "whether the agency's delay is so egregious as to warrant mandamus." *Id*. The Court finds this recitation of another circuit's caselaw unpersuasive and unhelpful in resolving whether a delay is unreasonable within the meaning of section 706.

[27] Doc. 15 at 19.

[28] *Processing Times*, U.S. CITIZENSHIP AND IMMIGRATION SERVS. (Dec. 4, 2020, 4:18 PM), https://egov.uscis.gov/processing-times/. More specifically, the current wait time for EB-5 visa adjudication for any non-Chinese investors is estimated to be 27.5 to 40.5 months. *Id*. And in the last five years, Form I-526 visa processing has taken between 14.1 and 22.2 months on average. *See*

applicant can reasonably expect adjudication to take.  The Court is reluctant to hold unreasonable any delay in adjudicating an immigration benefit application that's less than the upper limit of Citizenship and Immigration Services' current estimated processing time for that particular application form and will not do so here.

The plaintiffs point to two cases handed down by other jurists of this Court—*Elmalky* and *Ahmadi*[29]—as persuasive authority that they've stated a claim of unreasonable delay, providing us with jurisdiction.[30]  The Court does not agree.  First off, the plaintiffs' applications had been before Citizenship and Immigration Services for 14, 12, and 8 months (respectively) when they filed their complaint.[31]  The plaintiffs in *Elmalky* and *Ahmadi* waited far longer for adjudication—between 31 and 48 months.  Also, both *Elmalky* and *Ahmadi* deal with Form I-485 applications, which constitute a separate visa program with different processing times than Form I-526 applications.[32]  But even if we agreed that both applications should be held to the same standard of unreasonability, the aforementioned Fifth Circuit case, *Bian*, provides more recent guidance for Form I-485 visas than *Elmalky* and *Ahmadi*.[33]

---

*Historic Processing Times*, U.S. CITIZENSHIP AND IMMIGRATION SERVS. (Dec. 4, 2020), https://egov.uscis.gov/processing-times/historic-pt.

[29] *Ahmadi v. Chertoff*, 522 F. Supp. 2d 816 (N.D. Tex. 2007).

[30] *Elmalky*, 2007 WL 944330 at *6 (Boyle, J.) (finding the plaintiff had stated a claim for unreasonable delay in adjudicating Form I-485 application after 31 months had passed); *Ahmadi*, 522 F. Supp. 2d at 822 (Godbey, J.) (finding the same after four years had passed).

[31] The plaintiffs' applications have now been pending for 26, 24, and 20 months.

[32] *See Processing Times* (currently 18–43.5 months at Texas Service Center).

[33] *See Bian*, 605 F.3d at 252, 255 (finding a lack of jurisdiction to review three-year delay of Form I-485 adjudication).  The Court should also address several other cases the plaintiffs bring up in their recently-filed supplement to their objection along with *Elmalky* and *Ahmadi*.  First, the plaintiffs imply to the Court, based on their perception of Citizenship and Immigration Services' past dealings

In summary, then, because section 1571(b) doesn't delineate what constitutes a failure to timely adjudicate an EB-5 petition, and because the plaintiffs rely solely on section 1571(b) as their plumb line for when adjudication has been unreasonably delayed, the plaintiffs have not demonstrated a legal wrong that would grant this Court subject-matter jurisdiction.[34]

### III. Mandamus

However, the Court does not find that the plaintiffs could not show, at some point in the future, that their petitions had been unreasonably delayed—which would constitute a legal wrong that would provide us with jurisdiction. For this very reason, the plaintiffs retain the possibility of a future Administrative Procedure Act claim, and mandamus is inappropriate.

The Court may grant the "drastic and extraordinary remedy" of mandamus, if it decides issuance is appropriate under the circumstances, only when the plaintiff shows (1) no other adequate means of relief exists, and (2) the right to the writ is clear

---

in other cases, that Citizenship and Immigration Services will swiftly adjudicate their visas if we don't grant their motion to dismiss. *See* Doc. 23 at 3–4. Not content with asking the Court to assume bad faith, the plaintiffs go further, asking the Court to infer misconduct on the part of Citizenship and Immigration Services. *See* Doc. 23 at 4–5. This allegation is based on a district court holding out of DC that Citizenship and Immigration Services has "been involved in impropriety in scuttling legal immigration in the H-1B context . . . ." *Id.*, *see also ITServe All., Inc. v. Cissna*, 443 F. Supp. 3d 14 (D.D.C. 2020). The Court finds it difficult to imagine allegations that are more conclusory than these. Even if these intimations of improper motive are true at their own times and places, the Court fails to see what they have to do with the particular facts and law at issue here. This line of argument is found nowhere in the complaint and rests on a logical fallacy. *See Ad Hominem*, YOURLOGICALFALLACYIS.COM (Dec. 7, 2020), https://yourlogicalfallacyis.com/ad-hominem/. The Court rejects these arguments.

[34] Because the Court finds that it lacks subject-matter jurisdiction, it does not address whether 8 U.S.C. § 1252 and § 1255 bar the Court from reviewing this matter. The Fifth Circuit has indeed held as much in *Bian*, in the context of Form I-485 petition applications. *See* 605 F.3d at 255 (holding that "Congress has expressly precluded judicial review of the [Citizenship and Immigration Services]' pace of adjudication when the agency acts within its discretion . . . .").

and indisputable.[35] Because the Court is convinced issuance of the writ would be inappropriate prior to a well-timed Administrative Procedure Act challenge, the Court finds mandamus is not an appropriate remedy under the circumstances, and therefore declines to issue the writ.

\*   \*   \*

Delayed action is not a failure to act. And this delay, lengthy though it may be, is not yet unreasonable. That draws this case outside the Administrative Procedure Act's waiver of sovereign immunity, and the Court **DISMISSES WITHOUT PREJUDICE** this action.

**IT IS SO ORDERED** this 8th day of December, 2020.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[35] *Cheney v. U.S. Dist. Ct. for Dist. of Columbia*, 542 U.S. 367, 380–81 (2004).