IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_____

| | |
|---|---|
| AASHISH CHUTTANI, SUMAN SIDDAMREDDY, and BHARAT UPPALAPATI,<br><br>  Plaintiffs,<br><br>v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, and KENNETH T. (KEN) CUCCINELLI, Acting Director, U.S. Citizenship and Immigration Services (or his successor), in his official capacity,<br><br>  Defendants. | Civil Action No. 3:19-CV-02955-X |

**DEFENDANTS' RESPONSE TO PLAINTIFFS AASHISH CHUTTANI AND BHARAT UPPALAPATI'S RULE 59 MOTION**

PRERAK SHAH
Acting United States Attorney

Sarah E. Delaney
Assistant United States Attorney
Arizona Bar No. 031722
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:  214-659-8730
Facsimile:   214-659-8807
sarah.delaney@usdoj.gov

Attorneys for Defendants

## Table of Contents

I.     Legal Standard ................................................................................................... 2

II.    Argument and Authorities ................................................................................ 2

     A.     Plaintiffs have not demonstrated any of the possible grounds for relief under Rule 59(e). ................................................................................ 2

          1.     Plaintiffs have not shown any "manifest error of law or fact." .......... 3

          2.     Plaintiffs have not provided any newly discovered evidence. ............ 9

          3.     Plaintiffs have not demonstrated any intervening changes in the controlling case law. ..................................................................... 9

          4.     Plaintiffs' arguments that the Court cannot "change" the basis for its dismissal at this stage to grant dismissal under either Rule 12(b)(6) or Rule 56 are irrelevant. ........................................... 10

III.    Conclusion ....................................................................................................... 11

## Table of Authorities

**CASES**

*Bank One, Tex., N.A. v. FDIC*,
  16 F. Supp. 2d 698 (N.D. Tex. 1998) ............................................................................ 3

*Bo Tang v. Chertoff*,
  No. C 07-0683 JF, 2007 WL 1650945 (N.D. Cal. June 5, 2007) ................................... 7

*Dawoud v. Dep't of Homeland Sec.*,
  No. 3:06-CV-1730-M-BH, 2007 WL 9711934 (N.D. Tex. Nov. 30, 2007) ............... 7, 8

*Elmalky v. Upchurch*,
  No. 3:06-CV-2359-B, 2007 WL 944330 (N.D. Tex. Mar. 28, 2007) ........................ 7, 8

*Forest Guardians v. Babbitt*,
  174 F.3d 1178 (10th Cir. 1999) ...................................................................................... 7

*Guy v. Crown Equip. Corp.*,
  394 F.3d 320 (5th Cir. 2004) ......................................................................................... 3

*In re Benjamin Moore & Co.*,
  318 F.3d 626 (5th Cir. 2002) ......................................................................................... 9

*Infusion Res., Inc. v. Minimed, Inc.*,
  351 F.3d 688 (5th Cir. 2003) ......................................................................................... 9

*Jones v. Alexander*,
  609 F.2d 778 (5th Cir. 1980) ......................................................................................... 6

*Li v. Agagan*,
  No. 04-40705, 2006 WL 637903 (5th Cir. Mar. 14, 2006) ............................................ 6

*Louisiana v. United States*,
  948 F.3d 317 (5th Cir. 2020) ......................................................................................... 5

*McKinney v. Thaler*,
  No. 3:12-CV-1105-L-BH, 2013 WL 3243567 (N.D. Tex. June 27, 2013) .................. 10

*Mesquiti v. Gallegos,*
  C.A. No. C-09-136, 2010 WL 2928168 (S.D. Tex. June 23, 2010) ............................... 4

*Mustafa v. Pasquerell*,
  No. Civ.SA05CA-658-XR, 2006 WL 488399 (W.D. Tex. Jan. 10, 2006) ................ 5, 8

*Naseh v. Chertoff*,
  No. 3:07-CV-1923-M, 2008 WL 11348018 (N.D. Tex. Apr. 18, 2008) ...................... 4, 8

*Norton v. S. Utah Wilderness All.*,
  542 U.S. 55 (2004) ............................................................................................................ 7

*Randall D. Wolcott, M.D., P.A. v. Sebelius*,
  635 F.3d 757 (5th Cir. 2011) ........................................................................................... 5

*S. Constructors Grp., Inc. v. Dynalectric Co.*,
  2 F.3d 606 (5th Cir. 1993) ............................................................................................... 2

*Schiller v. Physicians Res. Grp. Inc.*,
  342 F.3d 563 (5th Cir. 2003) ....................................................................................... 2, 9

*Shihuan Cheng v. Baran*,
  No. CV 17-2001-RSWL-KSX, 2017 WL 3326451 (C.D. Cal. Aug. 3, 2017) ............... 8

*Simon v. United States*,
  891 F.2d 1154 (5th Cir. 1990) ......................................................................................... 2

*Steel Co. v. Citizens for a Better Env't*,
  523 U.S. 83 (1998) ........................................................................................................... 7

*Templet v. HydroChem, Inc.*,
  367 F.3d 473 (5th Cir. 2004) ....................................................................................... 2, 4

*United States v. O'Neil*,
  767 F.2d 1111 (5th Cir. 1985) ......................................................................................... 5

*Venegas-Hernandez v. Sonolux Records*,
  370 F.3d 183 (1st Cir. 2004) ........................................................................................... 3

*Vorontsova v. Chertoff*,
  No. CIV. A. 07-10426-RGS, 2007 WL 3238026 (D. Mass. Nov. 2, 2007) ................... 8

*Yan v. Mueller*,
  No. H-07-0313, 2007 WL 1521732 (S.D. Tex. May 24, 2007) ............................. 5, 6, 8

**STATUTES**

28 U.S.C. § 1331 .................................................................................................... 1, 3, 4

28 U.S.C. § 1361 .................................................................................................. 1, 3, 5, 6

**RULES**

Fed. R. Civ. P. 12(b)(1) ................................................................................................ 4, 10

Fed. R. Civ. P. 12(b)(6) ................................................................................................ 1, 10

Fed. R. Civ. P. 12(h)(3) ...................................................................................................... 7

Fed. R. Civ. P. 56 .......................................................................................................... 1, 10

Fed. R. Civ. P. 59(e) ................................................................................................... passim

**OTHER AUTHORITIES**

USCIS, "USCIS Extends Flexibility for Responding to Agency Requests," Dec. 18, 2020, https://www.uscis.gov/news/alerts/uscis-extends-flexibility-for-responding-to-agency-requests-2 ................................................................................................................ 1

On December 8, 2020, the Court granted the Defendants' motion to dismiss, and entered a final judgment on December 15, 2020, dismissing all claims and causes of action in this matter. (*See* Doc. 24 (memorandum opinion and order); Doc. 26 (final judgment).) In response, two of the three plaintiffs (Aashish Chuttani[1] and Bharat Uppalapati (collectively, "Plaintiffs")) have moved to alter or amend the judgment in a motion under Rule 59(e) of the Federal Rules of Civil Procedure (Doc. 27).

Plaintiffs argue that the judgment should be amended as they believe the Court has jurisdiction over their claims under either 28 U.S.C. § 1331 or 28 U.S.C. § 1361, and that the Court committed error by allegedly considering the merits of Plaintiffs' claims when determining whether subject-matter jurisdiction existed. (Doc. 27 at 5-7.) Plaintiffs also argue that the Court cannot now change its order to grant dismissal under either Rule 12(b)(6) or Rule 56 of the Federal Rules of Civil Procedure, because Plaintiffs do not think dismissal is appropriate under either rule. (Doc. 27 at 8-17.) Plaintiffs, however, have not provided any factual or legal evidence that demonstrates the Court must alter or amend its order "to correct a manifest error of law or fact," particularly given the extraordinary nature of such relief. (Doc. 27 at 5.) Therefore, Plaintiffs' motion should be denied.

---

[1] Defendants note that since the Court entered its judgment, the adjudication of Chuttani's Form I-526 petition has progressed, and USCIS issued a Request for Evidence to Chuttani on January 11, 2021. While the formal deadline to respond to the Request for Evidence is April 8, 2021, USCIS is currently providing all petitioners who receive a Request for Evidence an additional 60-day COVID-19 grace period to submit a response, meaning Chuttani actually has until June 7, 2021 to respond. *See* USCIS, "USCIS Extends Flexibility for Responding to Agency Requests," Dec. 18, 2020, https://www.uscis.gov/news/alerts/uscis-extends-flexibility-for-responding-to-agency-requests-2.

**Defendants' Response to Plaintiffs Aashish Chuttani**
**and Bharat Uppalapati's Rule 59 Motion – Page 1**

## I.      Legal Standard

A motion to alter or amend a judgment under Rule 59(e) must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). It is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. *Simon*, 891 F.2d at 1159.

As such a motion "calls into question the correctness of a judgment," the Fifth Circuit has observed that Rule 59(e) favors the denial of such motions, as "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 478, 479 (5th Cir. 2004); *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

## II.      Argument and Authorities

### A.   Plaintiffs have not demonstrated any of the possible grounds for relief under Rule 59(e).

Plaintiffs have not established any of the necessary criteria to prevail on their Rule 59(e) motion, as they have not pointed to any manifest error of law or fact, any newly discovered evidence, or any change in the controlling case law that necessitates amending the Court's order dismissing this action. Thus, their motion should be denied.

### 1. Plaintiffs have not shown any "manifest error of law or fact."

As to the first ground for relief under Rule 59(e), Plaintiffs have not demonstrated that the Court's judgment contained any "manifest error," which must be "plain and indisputable, and that amounts to a complete disregard of the controlling law." *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (quoting *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004)); *see also Bank One, Tex., N.A. v. FDIC*, 16 F. Supp. 2d 698, 713 (N.D. Tex. 1998) ("A manifest error is an obvious mistake or departure from the truth."). Plaintiffs argue that the Court's judgment that it did not have subject-matter jurisdiction in this action was "a manifest error of law or fact" as there are purportedly "multiple, explicit statutory provisions giving this Court jurisdiction to hear and adjudicate Plaintiffs' claims." (Doc. 27 at 5.) They assert the Court erred by failing to acknowledge its jurisdiction under 28 U.S.C. § 1331 or § 1361, and also that "the Court's foray into the merits of Plaintiffs' claims during its jurisdictional inquiry was error." (Doc. 27 at 5-7.) Neither of these assertions, however, demonstrate a manifest error or disregard of the controlling law.

### a. The Court did not err in failing to find subject-matter jurisdiction under either 28 U.S.C. § 1331 or § 1361.

As to Plaintiffs' first assertion, that the Court has jurisdiction under either 28 U.S.C. § 1331 or § 1361, Plaintiffs have already raised this argument in their earlier briefing, and the Court has already found these statutes insufficient to demonstrate subject-matter jurisdiction over Plaintiffs' claims. (*See* Doc. 11 (first amended complaint), ¶¶ 1-4; Doc. 16 (Plaintiffs' objection to Defendants' motion to dismiss the

first amended complaint) at 5, 11-12; *see generally* Doc. 24.)  As a Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment," repeating the same arguments Plaintiffs previously made does not show they are entitled to any relief on their motion. *Templet*, 367 F.3d at 478-79; *see also Mesquiti v. Gallegos,* C.A. No. C-09-136, 2010 WL 2928168, at *2 (S.D. Tex. June 23, 2010) (explaining that a Rule 59(e) motion should not be used "to re-litigate matters that have been resolved to the movant's dissatisfaction and a party cannot attempt to obtain 'a second bite at the apple' on issues that were previously addressed by the parties and the Court") (citation omitted).

Further, the Court's determination that these statutes do not provide subject-matter jurisdiction over Plaintiffs' claims was correct.  Plaintiffs argue that, by virtue of the fact they brought suit under federal law, the Court inherently has jurisdiction under 28 U.S.C. § 1331.  (Doc. 27 at 5.)  However, if so, the simple assertion of a federal statutory cause of action would be in and of itself sufficient to demonstrate subject-matter jurisdiction— which clearly is not accurate.  Further, courts in this circuit have repeatedly dismissed cases brought under 28 U.S.C. § 1331 and the Administrative Procedure Act ("APA") for lack of subject-matter jurisdiction for the same reason the Court did here: the plaintiff could not demonstrate the federal agency had either unlawfully withheld or unreasonably delayed in taking a required action.  *See, e.g.*, *Naseh v. Chertoff*, No. 3:07-CV-1923-M, 2008 WL 11348018, at *4 (N.D. Tex. Apr. 18, 2008) (dismissing an APA claim under Rule 12(b)(1) as the plaintiff had not demonstrated that USCIS had either unlawfully withheld or unreasonably delayed in adjudicating his application, and thus "he has not

met his burden to establish that subject matter jurisdiction exists for this claim against the USCIS"); *Yan v. Mueller*, No. H-07-0313, 2007 WL 1521732, at *5, 8-9 (S.D. Tex. May 24, 2007) (granting motion to dismiss for lack of subject-matter jurisdiction as the plaintiff had not demonstrated that either USCIS or the FBI had withheld or delayed adjudication on the immigration application, and "delays in processing immigration applications are not sufficient to warrant judicial review under the APA"); *Mustafa v. Pasquerell*, No. Civ.SA05CA-658-XR, 2006 WL 488399, at *3-5 (W.D. Tex. Jan. 10, 2006) (explaining that, because there was no statute or regulation specifying a time within which USCIS had to take the nondiscretionary action, the plaintiff had failed to show USCIS was required to act within a certain period of time and thus his APA claim was dismissed for lack of subject-matter jurisdiction); *see generally Louisiana v. United States*, 948 F.3d 317, 323-24 (5th Cir. 2020) (affirming district court's judgment dismissing complaint for lack of subject matter jurisdiction because the "required-action" prong of the plaintiff's failure to act claim under the APA had not been satisfied).

The Court was also correct in determining that there was no jurisdiction under 28 U.S.C. § 1361.  (*See* Doc. 24 at 9-10.)  A district court has jurisdiction under 28 U.S.C. § 1361 "over any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 766 (5th Cir. 2011) (quoting 28 U.S.C. § 1361) (internal quotation marks omitted).  For mandamus jurisdiction to exist, "[a] plaintiff must show a clear right to the relief sought, a clear duty by the defendant to do the particular act, and that no other adequate remedy is available." *United States v.*

**Defendants' Response to Plaintiffs Aashish Chuttani
and Bharat Uppalapati's Rule 59 Motion – Page 5**

*O'Neil*, 767 F.2d 1111, 1112 (5th Cir. 1985). Additionally, in order for a court to have subject-matter jurisdiction over a mandamus claim, mandamus must be an appropriate means of relief. *See Jones v. Alexander*, 609 F.2d 778, 781 (5th Cir. 1980).

Here, while Plaintiffs demonstrated that USCIS has a nondiscretionary duty to adjudicate their petitions, they failed to demonstrate that the agency has a duty to adjudicate these petitions within a specific time period or that they have a clear right to the relief sought. (*See* Doc. 24 at 5-9; *see also Yan*, 2007 WL 1521732, at *6-8 (explaining that there was no jurisdiction over the plaintiff's mandamus claim as, while the defendant had a clear duty to process the immigration application, the plaintiff had not established a clear right to have the application adjudicated within a particular time).) Further, Plaintiffs had not demonstrated they had no other adequate remedy for relief besides a writ of mandamus. (*See* Doc. 24 at 9-10 (finding that the Plaintiffs retained the possibility of a "well-timed Administrative Procedure Act challenge" in the future).)

As Plaintiffs could not demonstrate all three necessary elements for a writ of mandamus, mandamus was not an appropriate means of relief and thus the Court did not have subject-matter jurisdiction over Plaintiffs' claims via 28 U.S.C. § 1361. *See Jones*, 609 F.2d at 781; *see also Li v. Agagan*, No. 04-40705, 2006 WL 637903, at *4 n.5 (5th Cir. Mar. 14, 2006) (explaining that, as the appellant had implicitly acknowledged another remedy existed under the APA, this "would foreclose mandamus jurisdiction which requires that the party seeking the writ has no other adequate remedy").

    **b.  The Court did not err by determining that it lacked subject-matter jurisdiction over the action because Plaintiffs had not demonstrated Defendants either unlawfully withheld or unreasonably delayed adjudication.**

  As to Plaintiffs' second assertion, that the Court erred by evaluating the merits of their claims as part of its jurisdictional analysis, Plaintiffs ignore that subject-matter jurisdiction under the APA only exists for a failure-to-act claim where the agency both had a nondiscretionary duty to act and either unlawfully withheld or unreasonably delayed in acting on that duty. *See Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64-65 (2004); *Dawoud v. Dep't of Homeland Sec.*, No. 3:06-CV-1730-M-BH, 2007 WL 9711934, at *6 (N.D. Tex. Nov. 30, 2007), *adopted*, No. 3:06-CV-1730-M-BH, 2007 WL 4547863 (N.D. Tex. Dec. 26, 2007); *Bo Tang v. Chertoff*, No. C 07-0683 JF, 2007 WL 1650945, at *1 (N.D. Cal. June 5, 2007); *Elmalky v. Upchurch*, No. 3:06-CV-2359-B, 2007 WL 944330, at *2 (N.D. Tex. Mar. 28, 2007). Thus, the Court was <u>required</u> to determine whether there was an unreasonable delay in the adjudication of the Plaintiffs' petitions before it could allow the litigation to proceed. *See* Fed. R. Civ. P. 12(h)(3); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998); *see also Forest Guardians v. Babbitt*, 174 F.3d 1178, 1190 (10th Cir. 1999) ("In our opinion, when an agency is required to act—either by organic statute or by the APA—within an expeditious, prompt, or reasonable time, § 706 leaves in the courts the discretion to decide whether agency delay is unreasonable.").

  Further, in order to determine whether the length of time that the Plaintiffs' petitions had been pending was unreasonable, the Court did not delve deeply into or

"perform[] a determination of the merits of Plaintiffs' claims," as Plaintiffs assert. (Doc. 27 at 7.) Instead, as evident in the order, the Court simply reviewed the factors that could determine whether a delay was reasonable: whether there is a statutory timeline within which Congress has required these types of petitions to be adjudicated, what USCIS states are the current estimated processing time and historical average processing time for these types of petitions, the length of time Plaintiffs' petitions have been pending, and two other cases from this district that Plaintiffs presented as proof that the delay was unreasonable. (Doc. 24 at 5-9.)

Indeed, numerous courts across the country—including some cited by Plaintiffs themselves in earlier briefing—have undertaken this same type of analysis, a review of various factors regarding the reasonableness of a delay, to determine whether there was subject-matter jurisdiction over an APA claim of unreasonable delay. *See, e.g.*, *Naseh*, 2008 WL 11348018, at *3-6; *Dawoud*, 2007 WL 9711934, at *6-7; *Vorontsova v. Chertoff*, No. CIV. A. 07-10426-RGS, 2007 WL 3238026, at *3 (D. Mass. Nov. 2, 2007); *Shihuan Cheng v. Baran*, No. CV 17-2001-RSWL-KSX, 2017 WL 3326451, at *4-6 (C.D. Cal. Aug. 3, 2017); *Yan*, 2007 WL 1521732, at *8-9; *Elmalky*, 2007 WL 944330, at *2-6; *Mustafa*, 2006 WL 488399, at *2-5. Thus, the Court's decision to consider whether Plaintiffs had demonstrated the alleged delay in adjudication of their petitions was unreasonable was appropriate, not an indisputable or obvious mistake. As Plaintiffs have not established that the Court's judgment was a manifest error of law or fact, they are not entitled to relief under Rule 59(e) on this basis.

### 2. Plaintiffs have not provided any newly discovered evidence.

As to the second basis for granting a Rule 59(e) motion, Plaintiffs have not argued—and indeed, would not be able to demonstrate—that there is any newly discovered evidence that necessitates amending the judgment. A court may not grant a Rule 59(e) motion unless the movant establishes: (1) the nature of the facts discovered would probably change the outcome; (2) the alleged facts are newly discovered and could not have been discovered earlier even with proper diligence; and (3) the facts are not merely cumulative or impeaching. *Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003). Here, Plaintiffs do not assert that any facts have changed since the parties filed their briefing on Defendants' motion to dismiss, since the hearing where the parties argued this motion before the Court, or since the Court issued its judgment, much less that such information would change the outcome of the Court's ruling. Thus, Plaintiffs are not entitled to relief on this basis either.

### 3. Plaintiffs have not demonstrated any intervening changes in the controlling case law.

Finally, there has not been any intervening change in the controlling case law since the parties completed their briefing or since the Court issued its judgment that indicates the Court's judgment must now be amended. Indeed, Plaintiffs have not pointed to any changes in the relevant case law either. Therefore, Plaintiffs have not demonstrated the Court's judgment should be altered or amended on these grounds. *See Schiller*, 342 F.3d at 567; *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002).

4.  **Plaintiffs' arguments that the Court cannot "change" the basis for its dismissal at this stage to grant dismissal under either Rule 12(b)(6) or Rule 56 are irrelevant.**

Plaintiffs spend most of their motion arguing that if the Court (1) had wanted to dismiss their claims under Rule 12(b)(6) or Rule 56 of the Federal Rules of Civil Procedure, (2) did implicitly dismiss under either of these rules, or (3) now decides to change its order to grant dismissal under either rule, such a dismissal would be in error. (Doc. 27 at 8-17.)  These arguments, however, are based solely on a hypothetical response from the Court.

In its order, the Court explicitly stated that it "lack[ed] subject-matter jurisdiction," meaning that it determined dismissal was required under Rule 12(b)(1). (Doc. 24 at 4, 9-10.)  The Court did not state, however, that it dismissed the action because Plaintiffs had failed to state a claim (Rule 12(b)(6)) or because the Court determined there was no genuine dispute as to any material fact (Rule 56).  Whether dismissal would be erroneous if it were to be granted based on a different Federal Rule of Civil Procedure not actually applied by the Court is wholly irrelevant to whether the Court must alter or amend its judgment in this action.  Thus, Plaintiffs have not demonstrated they are entitled to relief on any such grounds.

* * *

Rule 59(e) motions "cannot be used as a vehicle . . . to relitigate issues that were resolved to Petitioners' dissatisfaction." *McKinney v. Thaler*, No. 3:12-CV-1105-L-BH, 2013 WL 3243567, at *2 (N.D. Tex. June 27, 2013).  Yet that is exactly what Plaintiffs are attempting to do with their motion, rehashing arguments and repeating assertions that

**Defendants' Response to Plaintiffs Aashish Chuttani
and Bharat Uppalapati's Rule 59 Motion – Page 10**

the Court has already determined do not demonstrate that it has subject-matter jurisdiction over the Plaintiffs' claims. As Plaintiffs have not provided any evidence to demonstrate any manifest error of law or fact, any newly discovered evidence, or any change in the controlling case law, Plaintiffs' Rule 59(e) motion must be denied.

### III.   Conclusion

For the foregoing reasons, Plaintiffs' motion should be denied in its entirety. The Defendants further request general relief.

Respectfully submitted,

PRERAK SHAH
Acting United States Attorney

*/s/ Sarah E. Delaney*
Sarah E. Delaney
Assistant United States Attorney
Arizona Bar No. 031722
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:   214-659-8730
Facsimile:   214-659-8807
sarah.delaney@usdoj.gov

Attorneys for Defendants

## CERTIFICATE OF SERVICE

On January 19, 2021, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Sarah E. Delaney*
Sarah E. Delaney
Assistant United States Attorney
